**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRADYUMNA KUMAR SAMAL,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 22-35098

D.C. Nos.    2:21-cv-01206-JLR
             2:18-cr-00214-JLR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 12, 2023
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

Pradyumna Samal ("Samal") appeals from the district court's denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

Samal directed a scheme in which his companies fraudulently obtained H-1B

work authorization for foreign-national workers and then marketed the workers to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

client companies for short-term projects. Samal was initially charged with visa fraud in violation of 18 U.S.C. § 1546(a), but to address his concerns, his attorneys successfully negotiated a plea deal to avoid the immigration consequences of an aggravated felony conviction. Samal pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of willfully failing to pay over employment taxes in violation of 26 U.S.C. § 7202.

The district court sentenced Samal under U.S. Sentencing Guideline § 2B1.1, the general fraud guideline. In his § 2255 motion, Samal argued that his attorneys were ineffective for failing to argue to the district court that the cross-reference provision § 2B1.1(c)(3) applied so as to require application of § 2L2.1, the visa fraud guideline.

We review de novo a district court's denial of relief under § 2255. *See United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). We have sometimes reviewed a district court's interpretation of the terms of a plea agreement for clear error and sometimes reviewed it de novo. *See United States v. Transfiguracion*, 442 F.3d 1222, 1227 (9th Cir. 2006) (noting the conflict). We assume without deciding that the less deferential de novo standard applies. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253 and applying the less deferential standard, we affirm.

2

Samal's ineffective-assistance claim fails because his attorneys' performance did not fall "below an objective standard of reasonableness." *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Sanders v. Cullen*, 873 F.3d 778, 815 (9th Cir. 2017) (citation omitted). The argument that § 2B1.1(c)(3) applied lacked merit in light of the clear terms of the plea agreement. The plea agreement applied "[t]he use of gain as an alternative measure of loss under [U.S. Sentencing Guideline] § 2B1.1(b)(1)." But if § 2B1.1(c)(3) had applied, then § 2B1.1(b)(1) could not have.

Samal also contends that his attorneys were ineffective for failing to consult with him regarding whether or not to argue for the applicability of the cross-reference provision. The district court properly declined to consider the claim because it was raised for the first time in Samal's traverse. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Even assuming it were proper to reach the merits, the claim fails for a similar reason: it is not deficient performance to decline to consult a client regarding whether to raise a meritless argument.

**AFFIRMED.**

3